**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-03409-DDD-SKC

**STEVEN PICKNELL**,
individually and on behalf of all
others similarly situated,

        Plaintiff,

    v.

**HARD ROCK CAFÉ INTERNATIONAL, INC.**,

        Defendant.

---

**FIRST AMENDED INDIVIDUAL, COLLECTIVE AND CLASS ACTION
COMPLAINT AND JURY DEMAND**

---

Plaintiff Steven Picknell ("Picknell" or "Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys at HKM Employment Attorneys LLP, brings this Individual, Collective and Class Action Complaint and Jury Demand ("Complaint") against Defendant Hard Rock Café International, Inc. ("Hard Rock" or "Defendant"), and states as follows:

**NATURE OF ACTION**

1. Picknell alleges that Hard Rock violated his rights, and the rights of other, similarly-situated employees ("Class Members") by failing to pay them wages, compensation, minimum wages, and overtime compensation in violation of the Fair Labor Standard Act, 29 U.S.C. § 201 et seq. ("FLSA"), and Article XVIII, Section 15 of the Colorado Constitution, the Colorado Wage Claim Act, C.R.S. § 8-4-101 et seq., the Colorado Minimum Wages of Workers Act, C.R.S. § 8-

1

6-101 et seq., the applicable Colorado Minimum Wage Orders, 7 C.C.R. 1103-1 (2017-2019), and the Colorado Overtime and Minimum Pay Standards Order, 7 C.C.R. 1103-1 (2020) (collectively, "Colorado Wage and Hour Law").

2. Specifically, Picknell alleges that Hard Rock violated the FLSA and Colorado Wage and Hour Law by:

    A. Manipulating time records to shift overtime hours worked by Class Members from the date on which they were actually worked to another date within the same pay period when the hours would not be counted as overtime, thus failing to pay overtime compensation at a rate of one and one-half times Class Members' regular rates of pay for hours they worked over 40 per week, 12 per day, or 12 per shift;

    B. Averaging the hours a Class Member worked during the two weeks of pay periods, and thus failing to pay overtime compensation at a rate of one and one-half times the Class Member's regular rates of pay for the hours they worked over 40 per week, 12 per day, or 12 per shift during the first weeks of such pay periods; and

    C. Not including hours that Class Members worked at Hard Rock events in Class Member's overtime calculations.

3. Hard Rock also violated Class Members' rights under Colorado Wage and Hour Law by failing to pay them Colorado minimum wages for the time that they spent performing prep work, setup, and cleaning duties prior to the opening and closing of the restaurant.

4. Additionally, Hard Rock violated Colorado Wage and Hour Law by failing to authorize and permit Class Members to take compensated, 10-minute rest periods every four hours, or major fractions of four hours, that the Class Members worked, or alternatively, to compensate Class

Members for the 10-minute rest periods they were not authorized and permitted to take. *See* 7 C.C.R. 1103-1, Rule 5; *Pilmenstein v. Devereux*, 2021 COA 59 ¶¶ 36-38. Hard Rock required Class Members to "waive" their rest periods, and did not provide them with any compensation for the rest periods that they did not receive.

5.     Picknell sent Hard Rock a wage demand in accordance with C.R.S. § 8-4-109, seeking payment of the wages, compensation, minimum wages, and overtime compensation owed to him and the Class Members on September 17, 2020. Additionally, the initial Complaint (ECF No. 1) constituted a demand for payment of wages under C.R.S. § 8-4-109.

6.     To date, Hard Rock has not tendered any compensation to Picknell or the Class Members in response to Picknell's demands.

7.     At all times relevant to this Complaint, Hard Rock was aware, or should have been aware, of the requirements of the FLSA and Colorado Wage and Hour Law, and nevertheless failed to pay Picknell and the Class Members appropriately. The Defendant's violations of the FLSA and the Colorado Wage Act were therefore "willful," and three-year statutes of limitations apply to those Claims. *See* 29 U.S.C. § 255; C.R.S. § 8-4-122.

8.     Picknell seeks declaratory and injunctive relief, unpaid wages, compensation, minimum wages, overtime compensation, liquidated damages, statutory penalties, additional penalties for willful violations of Colorado Wage and Hour Law, service award(s), reasonable attorney's fees, and costs for himself and the Class Members.

## JURISDICTION AND VENUE

9.     This Court has original jurisdiction over the FLSA claims in this action because those claims are brought under federal law. 29 U.S.C. § 1331; 29 U.S.C. § 201 et seq.

10.     This Court may exercise supplemental jurisdiction over the Colorado Wage and Hour Law claims in this action because those claims form part of the same case or controversy as Picknell's and the Class Members' FLSA claims. 28 U.S.C. § 1367.

11.     Venue is proper in this Court because a substantial part of the conduct alleged in this Complaint took place in this District. 28 U.S.C. § 1391(b).

## PARTIES

12.     Picknell is a resident of Colorado who was employed by Hard Rock in Denver, Colorado from February 2014 to March 2020, when he was laid off due to the global pandemic. Picknell's attorneys, HKM Employment Attorneys LLP, are located at 730 17th Street, Suite 750, Denver, Colorado 80202.

13.     Hard Rock is a New York corporation with its principal place of business at 5701 Stirling Road, Davie, Florida 33314. Hard Rock's registered agent, CT Corporation System, is located at 7700 E. Arapahoe Road, Suite 220, Centennial, Colorado 80112. At all times relevant to this Complaint, Hard Rock owned and operated a restaurant at 500 16th Street Mall, Denver, Colorado 80202, where Picknell and other Class Members worked.

## GENERAL ALLEGATIONS

14.     Hard Rock is a New York corporation that is primarily involved in the business of serving food and beverages to members of the public.

15.     Hard Rock is part of Colorado's Food and Beverage industry.

16.     At all times during the period from November 11, 2014 to the present ("Relevant Period"), Hard Rock and the Class Members were engaged in commerce: the food and beverages they served and the equipment they used were items that moved across state lines.

17. Hard Rock did business of $500,000.00 during each year of the Relevant Period.

18. Picknell was hired by Hard Rock to work as a server/ bartender on or around February 26, 2014. He continued to work for the Defendant until March 2020, when he was furloughed due to the global COVID-19 pandemic, and the government orders that issued as a result of that pandemic.

19. During his employment, Picknell worked at the Hard Rock Café restaurant located at 500 16th Street Mall, Denver, Colorado 80202 ('the Restaurant").

20. Picknell's final rate of pay was $9.83 per hour, plus tips.

21. Hard Rock repeatedly promised Picknell "merit" pay increases, but consistently broke those promises and did not increase his pay rate.

22. From the commencement of Picknell's employment until January 2019, Picknell and the other Class Members were paid based on two-week pay periods.

23. Hard Rock employed hundreds of Class Members as bartenders, servers, and hosts at the Restaurant during the Relevant Period.

24. Hard Rock employed hundreds of Class Members as bartenders, servers, and hosts throughout the United States during the Relevant Period.

25. On information and belief, all of the Class Members were subject to the same wage and hour policies and practices.

26. When Picknell started working for Hard Rock, he typically worked 35 to 37 hours per week. However, during the last two years of his employment, Picknell often worked 55 hours or more per week, especially when the Restaurant was understaffed and when he and other Class Members worked events.

27. During the Relevant Period, Picknell observed that Hard Rock had policies or practices that resulted in an underpayment of overtime for him and other Class Members.

28. Hard Rock changed Picknell's and other Class Members' time records to shift overtime hours, i.e., hours that Class Members worked that were in excess of 40 per week, 12 per day, or 12 per shift, from the date on which they were actually worked to another date within the same pay period when the hours would not be counted as overtime.

29. As a result of this policy or practice, Hard Rock did not pay Picknell and the Class Members one and one-half times their regular rates of pay for all of the hours that the worked over 40 per week, 12 per day, or 12 per shift.

30. Hard Rock also had a policy or practice of averaging the hours a Class Member worked during the two weeks of a given pay period.

31. For example, if Picknell or another Class Member worked 50 hours during the first week of a pay period and 30 hours during the second week of the pay period, Hard Rock paid the Class Member as if they had worked 40 hours each week, and thus failed to pay one and one-half times the Class Member's regular rate of pay for all of the hours they worked over 40 per week, 12 per day, or 12 per shift.

32. Hard Rock also had a policy or practice of not counting all of the hours that Picknell and the other Class Members worked at events, such as Party-paid events or "Burger Parties," toward their total hours worked for the purposes of overtime compensation. As a result of this policy or practice, Hard Rock did not pay Picknell and the other Class Members overtime compensation for all of the hours they worked in excess of 40 per week, 12 per day, or 12 per shift.

33. Also during the Relevant Period, Hard Rock had a policy or practice of requiring Class

6

Members to work a substantial number of hours prepping, setting up, and cleaning the restaurant prior to the opening and closing of the restaurant. Hard Rock only paid the Class Members their base rate, which was below the Colorado minimum wage rate, for the hours they spent performing these non-tipped duties.

34.     Throughout the Relevant Period, Hard Rock did not generally provide Picknell and the other Class Members with compensated 10-minute rest periods for every four hours, or major fractions of four hours, that the Class Members worked.

35.     Hard Rock required Picknell and other Class Members to sign a waiver, purportedly waiving their right to take breaks, as a condition of their employment.

36.     Hard Rock did not pay Picknell and the other Class Members any compensation for the rest periods they were not provided.

37.     Picknell estimates that he was paid improperly, or simply not paid, for at least 999 hours of overtime during the Relevant Period as a result of the policies and practices described above.

38.     Shortly after the global COVID-19 pandemic hit Colorado, Hard Rock laid of Picknell and the other Class Members who worked in Denver. Hard Rock then e-mailed the Class Members telling them that they could "borrow" 80 hours of Paid Time Off (PTO) from the company, and work to repay those hours later. Class Members were given only three days to decide whether to accept the "loan" of 80 hours of PTO, and Picknell and other Class Members declined.

39.     Subsequently, Hard Rock apparently received assistance from the government and informed the Class Members that the 80 hours of overtime some of them had borrowed was a "gift" instead of a loan they had to pay back. Picknell questioned whether the employees who had declined the "loan" could receive the same benefit. Hard Rock arbitrarily refused.

7

40.     On or around September 17, 2020, Picknell sent a wage demand to Hard Rock at its principal place of business, which was received by Hard Rock more than 14 days prior to the filing of this Complaint.

41.     Additionally, the initial Complaint filed in this action, ECF No. 1, constituted a wage demand on behalf of Picknell and all other Class Members for the wages, compensation, minimum wages, and overtime compensation that they are owed under Colorado Wage and Hour Law.

42.     To date, Hard Rock has not paid Picknell and the other Class Members any compensation in response to Picknell's demands.

## FLSA COLLECTIVE ALLEGATIONS

43.     Picknell incorporates the above allegations as if fully set forth herein.

44.     Picknell brings this action pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following FLSA collective:

> **All individuals who worked for Hard Rock Café International as bartenders, servers, or hosts from November 11, 2017 to the present.**

"FLSA Collective").  Picknell reserves the right to amend this definition if necessary.

45.     Picknell and the FLSA Collective Members are similarly situated under the FLSA in that: (a) they all worked or work in similar positions; (b) they were all subject to the same overtime policies and/or practices; and (c) their claims are all based upon the same legal theories.

## RULE 23 CLASS ALLEGATIONS

46.     Picknell incorporates the above allegations as if fully set forth herein.

47.     In addition to bringing this case individually and as an FLSA collective action, Picknell brings this action pursuant to Fed R. Civ. P. 23(b)(2) and (b)(3) on behalf of the following Class:

> **All individuals who worked for Hard Rock Café International as**

**bartenders, servers, or hosts from November 11, 2014 to the present.**

("Rule 23 Class").  Picknell reserves the right to amend this definition if necessary.

48. Included in the Rule 23 Class are two subclasses: (1) Class Members who worked for the Defendant between November 11, 2017 and the present, whose claims arise under both the Colorado Minimum Wage Act and the Colorado Wage Act ("Subclass 1 Members"); and (2) Class Members who worked for the Defendant between November 11, 2014 and November 11, 2018, whose claims arise primarily or exclusively under the Colorado Minimum Wage Act ("Subclass 2 Members"). *See Sobolewski v. Bosselli & Sons, LLC*, 342 F. Supp. 3d 1178, 1188-89 (2018) (holding that six-year statute of limitations applied to minimum wage violations because Wage Order does not contain statute of limitations); *Pilmenstein*, 2021 COA 59 ¶ 47 (recognizing that Minimum Wage Act does not contain statute of limitations).

49. The members of the Rule 23 Class, and both subclasses, are so numerous that joinder of all Rule 23 Class Members in this case would be impractical. Hard Rock employed hundreds of individuals as bartenders, servers, and hosts at the Restaurant during the Relevant Period and employed hundreds of individuals as bartenders, servers, and hosts throughout the United States during the Relevant Period.

50. There is a well-defined community of interest among the Rule 23 Class Members and common questions of law and fact predominate over any questions affecting individual members of the Rule 23 Class. These common legal and factual questions, include, but are not limited to, the following:

> A. Whether Hard Rock had a policy or practice of manipulating time records to shift overtime hours worked by Class Members from the date on which they were

9

actually worked to another date within the same pay period when the hours would not be counted as overtime;

B. Whether Hard Rock had a policy or practice of averaging the hours a Class Member worked during the two weeks of pay periods;

C. Whether Hard Rock had a policy or practice of not including hours that Class Members worked at Hard Rock events in Class Member's overtime calculations;

D. Whether Hard Rock's policies or practices at issue in this case resulted in a failure to pay Class Members one and one-half times their regular rates of pay for all of the hours they worked in excess of 40 per week, 12 per day, and/or 12 per shift;

E. Whether Hard Rock had a policy or practice of paying Class Members less than the Colorado minimum wage for hours they spent prepping, cleaning, and setting up before the restaurant opened and after it closed;

F. Whether Hard Rock generally failed to authorize and permit Class Members to take compensated, 10-minute rest periods;

G. Whether Hard Rock required Class Members to sign a waiver purporting to waive their right to rest periods as a condition of their employment;

H. Whether Hard Rock failed to compensate the Class Members for the rest periods they were not provided;

I. Whether Hard Rock's policies and practices at issue in this case violated Colorado Wage and Hour Law;

J. Whether Hard Rock is liable for statutory penalties under C.R.S. § 8-4-109 for its violations of Colorado Wage and Hour Law; and

    K. Whether Hard Rock's violations of Colorado Wage and Hour Law were willful, such that a three-year statute of limitations and additional penalties under C.R.S. § 8-4-109 apply.

51. Picknell's claims are typical of those of the Rule 23 Class in that he is owed wages, minimum wages, and overtime compensation for the Defendant's violations of Colorado Wage and Hour Law. The Plaintiff's claims arise from the same policies, practices, and course of conduct as all other Rule 23 Class Members' claims and his legal theories are based on the same legal theories as all other Rule 23 Class Members.

52. Picknell will fully and adequately protect the interests of the Rule 23 Class and he has retained counsel who are qualified and experienced in the prosecution of wage and hour class actions. Neither the Plaintiff nor his counsel have interests that are contrary to, or conflicting with, the interests of the Rule 23 Class.

53. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically infeasible for Rule 23 Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer. Prosecution of this case as a Rule 23 Class action will also eliminate the possibility of duplicative lawsuits being filed in multiple state and federal courts.

54. This case will be manageable as a Rule 23 Class action. Picknell and his counsel know of no unusual difficulties in this case.

55. Moreover, Hard Rock acted and refused to act on grounds that apply generally to the Rule 23 Class and declaratory relief is appropriate in this case with respect to the Rule 23 Class as a

whole.

## COUNT I

### FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

### 29 U.S.C. § 201, *et seq*.

56. Picknell incorporates the above allegations as if fully set forth herein.

57. At all times during the Relevant Period, Hard Rock was an "employer" under the FLSA. *See* 29 U.S.C. § 203(d).

58. At all times during the Relevant Period, Picknell and the FLSA Collective Members were "employees" of Hard Rock, as defined by the FLSA. *See* 29 U.S.C. § 203(e)(1).

59. At all times during the Relevant Period, Hard Rock, Picknell, and the FLSA Collective Members were engaged in interstate commerce.

60. Under the FLSA, Hard Rock was required to pay Picknell and the FLSA Collective Members overtime compensation at a rate of one and one-half times their regular rates of pay for all of the hours they worked over 40 per week. 29 U.S.C. § 207.

61. During the Relevant Period, Hard Rock violated Picknell's and the other FLSA Collective Members' rights under the FLSA by:

    A. Manipulating time records to shift overtime hours worked by FLSA Collective Members from the date on which they were actually worked to another date within the same pay period when the hours would not be counted as overtime, thus failing to pay overtime compensation at a rate of one and one-half times FLSA Collective Members' regular rates of pay for the hours they worked over 40 per week;

    B. Averaging the hours a FLSA Collective Member worked during the two weeks of

12

pay periods, and thus failing to pay overtime compensation at a rate of one and one-half times the FLSA Collective Member's regular rates of pay for the hours they worked over 40 per week; and

C. Not including hours that FLSA Collective Members worked at Hard Rock events in its overtime calculations.

62. Because Hard Rock was aware, or should have been aware of the overtime requirements of the FLSA at all times during the Relevant Period, and nevertheless failed to pay Picknell and the FLSA Collective Members overtime compensation, the Defendant' violations of federal law were willful.

63. Based on Hard Rock's violations of the FLSA, Picknell and the FLSA Collective Members are entitled to unpaid overtime compensation, liquidated damages, reasonable attorney's fees, and the costs of this litigation. 29 U.S.C. § 216(b).

## COUNT II

### FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF COLORADO WAGE AND HOUR LAW

**Colo. Const. Art. XVIII § 15**
**C.R.S. § 8-4-101 et seq.**
**C.R.S. § 8-6-101 et seq.**
**7 C.C.R. 1103-1 (2019)**
**7 C.C.R. 1103-1 (2020)**

64. Picknell incorporates the above allegations as if fully set forth herein.

65. At all times during the Relevant Period, Hard Rock was part of Colorado's Food and Beverage industry, and therefore covered by Colorado Wage and Hour Law. *See* 7 C.C.R. 1103-1:2 (2017-19).

66. At all times during the Relevant Period, Hard Rock was an "employer" under Colorado

Wage and Hour Law. *See* C.R.S. § 8-4-101(6).

67. At all times during the Relevant Period, Picknell and the Rule 23 Class Members were "employees" of Hard Rock under Colorado Wage and Hour Law. *See* C.R.S. § 8-4-101(5).

68. Under Colorado Wage and Hour Law, Hard Rock was required to pay Picknell and the Rule 23 Class Members overtime compensation at a rate of one and one-half times their regular rates of pay for all of the hours they worked over 40 per week, 12 per day, and 12 per shift.

69. During the Relevant Period, Hard Rock violated Picknell's and the other Rule 23 Class Members' rights under the FLSA by:

   A. Manipulating time records to shift overtime hours worked by Class Members from the date on which they were actually worked to another date within the same pay period when the hours would not be counted as overtime, thus failing to pay overtime compensation at a rate of one and one-half times Class Members' regular rates of pay for the hours they worked over 40 per week, 12 per day, or 12 per shift;

   B. Averaging the hours a Class Member worked during the two weeks of pay periods, and thus failing to pay overtime compensation at a rate of one and one-half times the Class Member's regular rates of pay for the hours they worked over 40 per week, 12 per day, or 12 per shift during the first weeks of such pay periods; and

   C. Not including hours that Class Members worked at Hard Rock events in Class Member's overtime calculations.

70. Picknell served Hard Rock with a wage demand, seeking the overtime compensation due to him and the other Rule 23 Class Members.

71. Hard Rock has not tendered any money to Picknell and the Class Members in response to

Picknell's demand.

72. Because Hard Rock was aware, or should have been aware of the overtime requirements of Colorado Wage and Hour Law at all times during the Relevant Period, and nevertheless failed to pay Picknell and the Rule 23 Class Members overtime compensation, the Defendant's violations of Colorado Wage and Hour Law were willful.

73. Based on Hard Rock's violations of the Colorado Wage and Hour Law, Picknell and the Rule 23 Class Members are entitled to unpaid overtime compensation, reasonable attorney's fees and costs. *See* C.R.S. §§ 8-4-110, 8-6-118. In addition, Picknell and the other Subclass 1 Members are entitled to statutory penalties under the Colorado Wage Act. *See* C.R.S. & 8-4-109(3)(b)-(c).

## COUNT III

### FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF COLORADO WAGE AND HOUR LAW

**Colo. Const. Art. XVIII § 15**
**C.R.S. § 8-4-101 et seq.**
**C.R.S. § 8-6-101 et seq.**
**7 C.C.R. 1103-1 (2019)**
**7 C.C.R. 1103-1 (2020)**

74. Picknell incorporates the above allegations as if fully set forth herein.

75. Under Colorado Wage and Hour Law, Hard Rock was required to pay Picknell and the other Rule 23 Class Members minimum wages of: $9.30 per hour for all hours worked in 2017; $10.20 per hour for all hours worked in 2018; $11.10 per hour for all hours worked in 2019; and $12.00 per hour for all hours worked in 2020. 7 C.C.R. 1103-1 (2017-20).

76. During the Relevant Period, Hard Rock had a policy or practice of paying Picknell and the Rule 23 Class Members less than the Colorado minimum wage – their tipped wage rates – for the time they spent prepping, cleaning, and setting up before opening and after closing.

77. Because Hard Rock was aware, or should have been aware of the minimum wage requirements of Colorado Wage and Hour Law at all times during the Relevant Period, and nevertheless failed to pay Picknell and the Rule 23 Class Members minimum wages, the Defendant's violations of Colorado Wage and Hour Law were willful.

Based on Hard Rock's violations of the Colorado Wage and Hour Law, Picknell and the Rule 23 Class Members are entitled to unpaid minimum wages, reasonable attorney's fees and costs. *See* C.R.S. §§ 8-4-110, 8-6-118. In addition, Picknell and the other Subclass 1 Members are entitled to statutory penalties under the Colorado Wage Act. *See* C.R.S. & 8-4-109(3)(b)-(c).

### COUNT IV

### FAILURE TO PROVIDE REST PERIODS IN VIOLATION OF COLORADO WAGE AND HOUR LAW

**Colo. Const. Art. XVIII § 15
C.R.S. § 8-4-101 et seq.
C.R.S. § 8-6-101 et seq.
7 C.C.R. 1103-1 (2019)
7   C.C.R. 1103-1 (2020)**

78. Picknell incorporates the above allegations as if fully set forth herein.

79. Colorado Wage and Hour Law required Hard Rock to "authorize and permit" compensated 10-minute rest periods to each Rule 23 Class Member for every period that the Class Member worked over two hours. 7 C.C.R. 1103-1, Rule 5 (2020); 7 C.C.R. 1103-1:8 (2017-19).

80. During the Relevant Period, Hard Rock generally did not provide rest periods to the Rule 23 Class Members. It had a policy or practice of requiring the Class Members to sign documents purporting to waive their rights to rest periods as a condition of employment.

81. Hard Rock did not pay any compensation to Picknell or the other Rule 23 Class Members for the rest periods they were not permitted to take.

82. Because Hard Rock was aware, or should have been aware of the rest period requirements of Colorado Wage and Hour Law at all times during the Relevant Period, and nevertheless failed to provide rest periods or to compensate the Class Members for the rest periods they were not provided, the Defendant's violations of Colorado Wage and Hour Law were willful.

83. Based on Hard Rock's violations of the Colorado Wage and Hour Law, Picknell and the Rule 23 Class Members are entitled to 10 minutes of compensation for each rest period they were not provided, reasonable attorney's fees and costs. *See Pilmenstein*, 2021 COA 59 ¶¶ 36-38. In addition, Picknell and the other Subclass 1 Members are entitled to statutory penalties under the Colorado Wage Act. *See* C.R.S. & 8-4-109(3)(b)-(c).

## PRAYER FOR RELIEF

WHEREFORE, Steven Picknell, on behalf of himself and all others similarly situated, prays for the following relief:

I. That at the earliest possible time, the Court conditionally certify the FLSA claims in this action as a collective action under 29 U.S.C. § 216(b), and authorize notice of this action to be sent to all potentially-aggrieved FLSA Collective Members;

II. That at the earliest possible time, the Court certify the Colorado Wage and Hour Law claims in this action as a class action under Fed. R. Civ. P. 23;

III. That the Court issue a declaratory judgment condemning the Defendant's willful violations of the FLSA and Colorado Wage and Hour Law and requiring the Defendants to remedy these violations;

IV. Issue a permanent injunction prohibiting the Defendant from continuing its violations of the FLSA and Colorado Wage and Hour Law;

V. Award Plaintiff and other similarly situated persons who opt in to the FLSA Collective damages in the amount of overtime compensation owed, to be proven at trial;

VI. Award Plaintiff and other similarly situated persons who opt in to the FLSA Collective liquidated damages in an amount equal to the unpaid overtime compensation shown to be owed pursuant to 29 U.S.C. § 216(b);

VII. Award Plaintiff and the Rule 23 Class Members the amount of unpaid wages, minimum wages, overtime compensation, and any other amounts owed due to the Defendant' policies and practices, according to proof at trial;

VIII. Award Plaintiff and the Subclass 1 Members statutory penalties for the Defendant's willful violations of Colorado Wage and Hour Law;

IX. Award the Plaintiff his reasonable attorney's fees and costs;

X. Award the Plaintiff a service award for his time and efforts on behalf of the Class Members; and

XI. Award such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

The Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted this 12th day of July, 2021.

*/s/ Adam M. Harrison*
_____
Claire E. Hunter
Adam M. Harrison
HKM Employment Attorneys LLP
730 17th Street, Suite 750
Denver, Colorado 80202
720.255.0370

        chunter@hkm.com
        aharrison@hkm.com

*Counsel for the Plaintiff, individually and on behalf of all others similarly situated*