## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-03409-DDD-SKC

**STEVEN PICKNELL**,

      Plaintiff,

    **v.**

**HARD ROCK CAFÉ INTERNATIONAL, INC.,**

      Defendant.

---

### SECOND AMENDED COMPLAINT AND JURY DEMAND

---

Plaintiff Steven Picknell ("Picknell" or "Plaintiff"), by and through his attorneys at HKM Employment Attorneys LLP, as his Second Amended Complaint and Jury Demand ("Complaint") against Defendant Hard Rock Café International, Inc. ("Hard Rock" or "Defendant"), states as follows:

### NATURE OF ACTION

1.    Picknell alleges that Hard Rock violated his rights by failing to pay him wages, compensation, minimum wages, and overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and Article XVIII, Section 15 of the Colorado Constitution, the Colorado Wage Claim Act, C.R.S. § 8-4-101 et seq., the Colorado Minimum Wages of Workers Act, C.R.S. § 8-6-101 et seq., the applicable Colorado Minimum Wage Orders, 7 C.C.R. 1103-1 (2017-2019), and the Colorado Overtime and Minimum Pay Standards Order, 7 C.C.R. 1103-1 (2020) (collectively, "Colorado Wage and Hour Law").

2.    Specifically, Picknell alleges that Hard Rock violated the FLSA and Colorado Wage and

Hour Law by:

    A.  Manipulating time records to shift overtime hours from the date on which they were actually worked to another date within the same pay period when the hours would not be counted as overtime, thus failing to pay overtime compensation at a rate of one and one-half times his regular rate of pay for hours he worked over 40 per week, 12 per day, or 12 per shift;

    B.  Averaging the hours he worked during the two weeks of pay periods, and thus failing to pay overtime compensation at a rate of one and one-half times his regular rate of pay for the hours he worked over 40 per week, 12 per day, or 12 per shift during the first weeks of such pay periods; and

    C.  Not including hours that he worked at Hard Rock events in his overtime calculations.

3.    Hard Rock also violated his rights under Colorado Wage and Hour Law by failing to pay him Colorado minimum wages for the time that he spent performing prep work, setup, and cleaning duties prior to the opening and closing of the restaurant.

4.    Additionally, Hard Rock violated Colorado Wage and Hour Law by failing to authorize and permit him to take compensated, 10-minute rest periods every four hours, or major fractions of four hours, that he worked, or alternatively, to compensate him for the 10-minute rest periods he was not authorized and permitted to take. *See* 7 C.C.R. 1103-1, Rule 5; *Pilmenstein v. Devereux*, 2021 COA 59 ¶¶ 36-38 (cert denied at 2021 SC 425). Hard Rock required him to "waive" his rest periods, and did not provide him with any compensation for the rest periods that he did not receive.

5.    Picknell sent Hard Rock a wage demand in accordance with C.R.S. § 8-4-109, seeking

payment of the wages, compensation, minimum wages, and overtime compensation owed to him on September 17, 2020. Additionally, the initial Complaint (ECF No. 1) constituted a demand for payment of wages under C.R.S. § 8-4-109.

6.      To date, Hard Rock has not tendered any compensation to Picknell in response to his demands.

7.      At all times relevant to this Complaint, Hard Rock was aware, or should have been aware, of the requirements of the FLSA and Colorado Wage and Hour Law, and nevertheless failed to pay Picknell appropriately. The Defendant's violations of the FLSA and the Colorado Wage Act were therefore "willful," and three-year statutes of limitations apply to those claims. *See* 29 U.S.C. § 255; C.R.S. § 8-4-122.

8.      Picknell seeks declaratory and injunctive relief, unpaid wages and compensation, minimum wages, overtime compensation, liquidated damages, statutory penalties, additional penalties for willful violations of Colorado Wage and Hour Law, and reasonable attorney's fees and costs.

## JURISDICTION AND VENUE

9.      This Court has original jurisdiction over the FLSA claims in this action because those claims are brought under federal law. 29 U.S.C. § 1331; 29 U.S.C. § 201 et seq.

10.     This Court may exercise supplemental jurisdiction over the Colorado Wage and Hour Law claims in this action because those claims form part of the same case or controversy. *See* 28 U.S.C. § 1367.

11.     Venue is proper in this Court because a substantial part of the conduct alleged in this Complaint took place in this District. 28 U.S.C. § 1391(b).

**PARTIES**

12.     Picknell is a resident of Colorado who was employed by Hard Rock in Denver, Colorado from February 2014 to March 2020, when he was laid off due to the global pandemic. Picknell's attorneys, HKM Employment Attorneys LLP, are located at 730 17th Street, Suite 750, Denver, Colorado 80202.

13.     Hard Rock is a New York corporation with its principal place of business at 5701 Stirling Road, Davie, Florida 33314. Hard Rock's registered agent, CT Corporation System, is located at 7700 E. Arapahoe Road, Suite 220, Centennial, Colorado 80112. At all times relevant to this Complaint, Hard Rock owned and operated a restaurant at 500 16th Street Mall, Denver, Colorado 80202, where Picknell worked.

**GENERAL ALLEGATIONS**

14.     Hard Rock is a New York corporation that is primarily involved in the business of serving food and beverages to members of the public.

15.     Hard Rock is part of Colorado's Food and Beverage industry.

16.     At all times during the period from November 11, 2014 to the present ("Relevant Period"), Hard Rock and Picknell were engaged in commerce.

17.     Hard Rock did business of $500,000.00 during each year of the Relevant Period.

18.     Picknell was hired by Hard Rock to work as a server/ bartender on or around February 26, 2014. He continued to work for the Defendant until March 2020, when he was furloughed due to the global COVID-19 pandemic, and the government orders that issued as a result of that pandemic.

19.     During his employment, Picknell worked at the Hard Rock Café restaurant located at 500

16th Street Mall, Denver, Colorado 80202 ('the Restaurant").

20.     Picknell's final rate of pay was $9.83 per hour, plus tips.

21.     Hard Rock repeatedly promised Picknell "merit" pay increases, but consistently broke those promises and did not increase his pay rate.

22.     From the commencement of Picknell's employment until January 2019, Picknell was paid based on two-week pay periods.

23.     Hard Rock employed hundreds of workers as bartenders, servers, and hosts at the Restaurant during the Relevant Period.

24.     When Picknell started working for Hard Rock, he typically worked 35 to 37 hours per week. However, during the last two years of his employment, Picknell often worked 55 hours or more per week, especially when the Restaurant was understaffed and when he worked events.

25.      During the Relevant Period, Picknell observed that Hard Rock had policies or practices that resulted in an underpayment of overtime for him and other workers.

26.     Hard Rock changed Picknell's time records to shift overtime hours, *i.e.*, hours that he worked that were in excess of 40 per week, 12 per day, or 12 per shift, from the date on which they were actually worked to another date within the same pay period when the hours would not be counted as overtime.

27.     As a result of this policy or practice, Hard Rock did not pay Picknell one and one-half times his regular rate of pay for all of the hours that he worked over 40 per week, 12 per day, or 12 per shift.

28.     Hard Rock also had a policy or practice of not counting all of the hours that Picknell worked at events, such as Party-paid events or "Burger Parties," toward his total hours worked for the

purposes of overtime compensation. As a result of this policy or practice, Hard Rock did not pay Picknell overtime compensation for all of the hours he worked in excess of 40 per week, 12 per day, or 12 per shift.

29.     Also during the Relevant Period, Hard Rock had a policy or practice of requiring employees to work a substantial number of hours prepping, setting up, and cleaning the restaurant prior to the opening and closing of the restaurant. Hard Rock only paid Picknell his base rate, which was below the Colorado minimum wage rate, for the hours he spent performing these non-tipped duties.

30.     Throughout the Relevant Period, Hard Rock did not generally provide Picknell and his coworkers with compensated 10-minute rest periods for every four hours, or major fractions of four hours, that they worked.

31.     Hard Rock required Picknell and other employees to sign a waiver, purportedly waiving their right to take breaks, as a condition of their employment.

32.     Hard Rock did not pay Picknell any compensation for the rest periods he was not provided.

33.     Picknell estimates that he was paid improperly, or simply not paid, for at least 507 hours of overtime during the Relevant Period as a result of the policies and practices described above.

34.     Shortly after the global COVID-19 pandemic hit Colorado, Hard Rock laid of Picknell and the other employees who worked in Denver. Hard Rock then e-mailed telling them that they could "borrow" 80 hours of Paid Time Off (PTO) from the company, and work to repay those hours later. Employees were given only three days to decide whether to accept the "loan" of 80 hours of PTO, and Picknell declined.

35.     Subsequently, Hard Rock apparently received assistance from the government and

informed the workers that the 80 hours of overtime some of them had borrowed was a "gift" instead of a loan they had to pay back. Picknell questioned whether the employees who had declined the "loan" could receive the same benefit. Hard Rock arbitrarily refused.

36.     Upon reviewing his time and pay records, Picknell has noted that there were at least 172 other hours of PTO that were not paid, or were paid below the applicable minimum wage, during the Relevant Period.

37.     On or around September 17, 2020, Picknell sent a wage demand to Hard Rock at its principal place of business, which was received by Hard Rock more than 14 days prior to the filing of this Complaint.

38.     Additionally, the initial Complaint filed in this action, ECF No. 1, constituted a wage demand for the wages, compensation, minimum wages, and overtime compensation that he is owed under Colorado Wage and Hour Law.

39.     To date, Hard Rock has not paid Picknell any compensation in response to his demands.

## COUNT I

**FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF
THE FAIR LABOR STANDARDS ACT**

**29  U.S.C. § 201,** *et seq.*

40.     Picknell incorporates the above allegations as if fully set forth herein.

41.     At all times during the Relevant Period, Hard Rock was an "employer" under the FLSA. *See* 29 U.S.C. § 203(d).

42.     At all times during the Relevant Period, Picknell was an "employee" of Hard Rock, as defined by the FLSA. *See* 29 U.S.C. § 203(e)(1).

43.     At all times during the Relevant Period, Hard Rock and Picknell were engaged in interstate

commerce.

44.     Under the FLSA, Hard Rock was required to pay Picknell overtime compensation at a rate of one and one-half times his regular rate of pay for all of the hours he worked over 40 per week. 29 U.S.C. § 207.

45.     During the Relevant Period, Hard Rock violated Picknell's rights under the FLSA by:

    A.   Manipulating time records to shift overtime hours from the date on which they were actually worked to another date within the same pay period when the hours would not be counted as overtime, thus failing to pay overtime compensation at a rate of one and one-half times his regular rate of pay for hours he worked over 40 per week, 12 per day, or 12 per shift;

    B.   Averaging the hours he worked during the two weeks of pay periods, and thus failing to pay overtime compensation at a rate of one and one-half times his regular rate of pay for the hours he worked over 40 per week, 12 per day, or 12 per shift during the first weeks of such pay periods; and

    C.   Not including hours that he worked at Hard Rock events in his overtime calculations.

46.     Because Hard Rock was aware, or should have been aware of the overtime requirements of the FLSA at all times during the Relevant Period, and nevertheless failed to pay Picknell overtime compensation, the Defendant's violations of federal law were willful.

47.     Based on Hard Rock's violations of the FLSA, Picknell is entitled to unpaid overtime compensation, liquidated damages, reasonable attorney's fees, and the costs of this litigation. 29 U.S.C. § 216(b).

## COUNT II

**FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF
COLORADO WAGE AND HOUR LAW**

**Colo. Const. Art. XVIII § 15
C.R.S. § 8-4-101 et seq.
C.R.S. § 8-6-101 et seq.
7 C.C.R. 1103-1 (2019)
7 C.C.R. 1103-1 (2020)**

48.     Picknell incorporates the above allegations as if fully set forth herein.

49.     At all times during the Relevant Period, Hard Rock was part of Colorado's Food and Beverage industry, and therefore covered by Colorado Wage and Hour Law. *See* 7 C.C.R. 1103-1:2 (2017-19).

50.     At all times during the Relevant Period, Hard Rock was an "employer" under Colorado Wage and Hour Law. *See* C.R.S. § 8-4-101(6).

51.     At all times during the Relevant Period, Picknell was an "employee" of Hard Rock under Colorado Wage and Hour Law. *See* C.R.S. § 8-4-101(5).

52.     Under Colorado Wage and Hour Law, Hard Rock was required to pay Picknell overtime compensation at a rate of one and one-half times his regular rate of pay for all of the hours he worked over 40 per week, 12 per day, and 12 per shift.

53.     During the Relevant Period, Hard Rock violated Picknell's rights under Colorado Wage and Hour Law by:

        A.  Manipulating time records to shift overtime hours from the date on which they were actually worked to another date within the same pay period when the hours would not be counted as overtime, thus failing to pay overtime compensation at a rate of one and one-half times his regular rate of pay for hours he worked over 40 per week,

12 per day, or 12 per shift;

B.  Averaging the hours he worked during the two weeks of pay periods, and thus failing to pay overtime compensation at a rate of one and one-half times his regular rate of pay for the hours he worked over 40 per week, 12 per day, or 12 per shift during the first weeks of such pay periods; and

C.  Not including hours that he worked at Hard Rock events in his overtime calculations.

54.     Picknell served Hard Rock with a wage demand, seeking the overtime compensation due to him; however, Hard Rock has not tendered any money to Picknell in response to his demand.

55.     Because Hard Rock was aware, or should have been aware of the overtime requirements of Colorado Wage and Hour Law at all times during the Relevant Period, and nevertheless failed to pay Picknell overtime compensation, the Defendant's violations of Colorado Wage and Hour Law were willful.

56.     Based on Hard Rock's violations of Colorado Wage and Hour Law, Picknell is entitled to unpaid overtime compensation, reasonable attorney's fees and costs. *See* C.R.S. §§ 8-4-110, 8-6-118. In addition, Picknell is entitled to statutory penalties under the Colorado Wage Act. *See* C.R.S. § 8-4-109(3)(b)-(c).

//

//

//

//

## COUNT III

**FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF
COLORADO WAGE AND HOUR LAW**

**Colo. Const. Art. XVIII § 15
C.R.S. § 8-4-101 et seq.
C.R.S. § 8-6-101 et seq.
7 C.C.R. 1103-1 (2019)
7 C.C.R. 1103-1 (2020)**

57.     Picknell incorporates the above allegations as if fully set forth herein.

58.     Under Colorado Wage and Hour Law, Hard Rock was required to pay Picknell minimum wages of: $9.30 per hour for all hours worked in 2017; $10.20 per hour for all hours worked in 2018; $11.10 per hour for all hours worked in 2019; and $12.00 per hour for all hours worked in 2020. 7 C.C.R. 1103-1 (2017-20).

59.     During the Relevant Period, Hard Rock paid Picknell less than the Colorado minimum wage – his tipped wage rate – for the time he spent prepping, cleaning, and setting up before opening and after closing.

60.     Because Hard Rock was aware, or should have been aware of the minimum wage requirements of Colorado Wage and Hour Law at all times during the Relevant Period, and nevertheless failed to pay Picknell minimum wages, the Defendant's violations of Colorado Wage and Hour Law were willful.

//

//

//

<u>**COUNT IV**</u>

**FAILURE TO PROVIDE REST PERIODS IN VIOLATION OF
COLORADO WAGE AND HOUR LAW**

**Colo. Const. Art. XVIII § 15
C.R.S. § 8-4-101 et seq.
C.R.S. § 8-6-101 et seq.
7 C.C.R. 1103-1 (2019)
7 C.C.R. 1103-1 (2020)**

61.     Picknell incorporates the above allegations as if fully set forth herein.

62.     Colorado Wage and Hour Law required Hard Rock to "authorize and permit" compensated 10-minute rest periods to Picknell for every period that he worked over two hours. 7 C.C.R. 1103-1, Rule 5 (2020); 7 C.C.R. 1103-1:8 (2017-19).

63.     During the Relevant Period, Hard Rock generally did not provide rest periods to Picknell. It had a policy or practice of requiring employees to sign documents purporting to waive their rights to rest periods as a condition of employment.

64.     Hard Rock did not pay any compensation to Picknell for the rest periods he was not permitted to take.

65.     Because Hard Rock was aware, or should have been aware of the rest period requirements of Colorado Wage and Hour Law at all times during the Relevant Period, and nevertheless failed to provide rest periods or to compensate Picknell for the rest periods he was not provided, the Defendant's violations of Colorado Wage and Hour Law were willful.

66.     Based on Hard Rock's violations of the Colorado Wage and Hour Law, Picknell is entitled to 10 minutes of compensation for each rest period he was not provided, reasonable attorney's fees and costs. In addition, Picknell is entitled to statutory penalties under the Colorado Wage Act. *See* C.R.S. § 8-4-109(3)(b)-(c).

## PRAYER FOR RELIEF

WHEREFORE, Steven Picknell prays for the following relief:

I.      That the Court issue a declaratory judgment condemning the Defendant's willful violations of the FLSA and Colorado Wage and Hour Law and requiring the Defendant to remedy these violations;

II.     Issue a permanent injunction prohibiting the Defendant from continuing its violations of the FLSA and Colorado Wage and Hour Law;

III.    Award Plaintiff damages in the amount of wages, minimum wages, and overtime compensation owed, to be proven at trial;

IV.     Award Plaintiff liquidated damages in an amount equal to the unpaid overtime compensation awarded pursuant to 29 U.S.C. § 216(b);

V.      Award Plaintiff statutory penalties for the Defendant's willful violations of Colorado Wage and Hour Law;

VI.     Award the Plaintiff his reasonable attorney's fees and costs; and

VII.    Award such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

The Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted this 28th day of October, 2021.

*/s/ Adam M. Harrison*

_____

Claire E. Hunter
Adam M. Harrison
HKM Employment Attorneys LLP
730 17th Street, Suite 750
Denver, Colorado 80202
720.255.0370

chunter@hkm.com
aharrison@hkm.com

*Counsel for the Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on this 28th day of October, 2021, I filed the foregoing Second Amended Complaint and Jury Demand through the CM/ECF system, generating a true and accurate copy of this document to all counsel of record.

*/s/ Adam M. Harrison*
_____

Adam M. Harrison

14